Taylor, Chief-Justice.
It appears to me that the two acts of 1796 and 1820, are constructed upon prinoi *430 pies, and intended to suppress acts so different from each °^er> that the last, would, of itself, have operated a repeal of the first, upon the rule leges posteriores, &c. An ac£¡on untjel. the first, statute, must be brought within a year from the time the removal came to the knowledge of the Plaintiffs : an action under the law of 1820, must be brought within three years from the time of removal. If then, an action is brought under the first law, upon the supposition that it is not repealed, and the limitation, of the second act is applied because the offence was committed after it, and the Plaintiff is able to prove a fraudulent removal, it follows that the Defendant may he liable after the period when he stood acquitted by the first .act. The effect of this construction is to give a highly penal law a retrospective force; for a person who removed a debtor, with whatever intention, is not liable at all under the act of 1796, provided advertisements were duly made $ yet if by superadding a fraudulent intent he could be made liable, and be then relieved upon the limitation of the first law, he would be repelled by the answer, that the act described in the declaration was not the one which the law of 1796 had barred within a year. I cannot perceive what necessity there was for declaring on the act of 1796, when the wrong complained of was committed after the enactment of that of 1820.
Whatever doubt, however, there might be as to the consistency of these two laws, if that were the sole question, and if in obedience to the advice of Lord Coke, in ■Foster's case, the statutes ought not to be abrogated by any constrained construction out of the general and ambiguous words of a subsequent statute, but that it is «to he maintained with a benign and favourable construction,” these two laws could stand together; yet when the latter was made expressly to repeal' the former, and does repeal it in so many words, I feel myself directed by the legislative will, and in adjudging the act of 1796' *431 to be repealed, that I am travelling over the “ ancient high ways” of the law.
Hall, Judge.
This action is brought after the act of 1820 had repealed the act of 1790, hut the alleged cause of action happened before that time, and while the act of 1796 was in full force; and if it can be sustained it must be upon one or the other of these acts, or upon both of them, for at Common Law, the removal complained of was no offence. I think it cannot be sustained upon the act of 1796, because the act of 1820 totally repeals it, and it would seem equally clear that it could not be sustained upon the act of 1820, because the alleged cause of action happened before its passage, and I should think it could not rest'upon both acts for its support, because only the act of 1820 was in force at the time of the institution of this suit.
In addition to these considerations it may be observed, that, that which would amount to an offence under the act of 1796, would be no offence under the act of 1820 ; and that which is an offeuce under the act of 1820 would not have been an offence under the act of 1796. Thus, if before the act of 1820, one person had assisted another to move out of the county with the most wicked and fraudulent intent, yet if lie had given due notice thereof as the Jaw directs, he was guilty of no offence for winch an action could be sustained ; but if such notice was not given, he subjected himself to an action, however innocently the act was done. Under the act of 1820, the ■person doing the act is only answerable if he does it with a fraudulent intent, notice is immaterial. Under the first act, the intent was nothing, if due notice was given ; ■under the last act, the intent is every thing, whether notice be given or not. A new trial, 1 think, should be re-, fused.